**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*State v. Vanzandt,* **Slip Opinion No. 2015-Ohio-236.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-236

THE STATE OF OHIO, APPELLEE, *v.* VANZANDT, F.K.A. ASBERRY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Vanzandt,* Slip Opinion No. 2015-Ohio-236.]**

*Official records that have been sealed pursuant to R.C. 2953.52 cannot be made accessible for purposes other than those provided in R.C. 2953.53(D).*

(No. 2013-1010—Submitted May 27, 2014—Decided January 28, 2015.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-130079, 2013-Ohio-2290.

_____

SYLLABUS OF THE COURT

1. When a statutory provision imposing a mandatory obligation has specifically enumerated exceptions, a court does not have discretion to create additional exceptions.

2. Official records that have been sealed pursuant to R.C. 2953.52 cannot be made accessible for purposes other than those provided in R.C. 2953.53(D).

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address whether a court has discretion to unseal records of criminal proceedings for purposes other than those provided in R.C. 2953.53(D). We hold that the court does not have discretion to create additional exceptions to permit access to sealed records, and we therefore reverse the judgment of the First District Court of Appeals.

**Relevant History**

{¶ 2} Appellant, Terrell Vanzandt, formerly known as Terrell Asberry, was charged with four criminal offenses related to drug trafficking and was subsequently acquitted by a jury. Vanzandt then moved to seal the records in that case pursuant to R.C. 2953.52. The motion was granted by the trial court on October 4, 2012, with no objection from appellee, the state of Ohio. But three days after the trial court entered judgment sealing Vanzandt's record, the state charged Vanzandt with another crime, alleging that Vanzandt had retaliated against the state's informant in the drug-trafficking case. More than three months later, on January 15, 2013, the state moved to unseal the record of Vanzandt's drug-trafficking case so that it could be used as evidence in the retaliation case. The trial court granted the state's motion over Vanzandt's objection, holding that evidence of the case was crucial to the state's pending retaliation case against Vanzandt.

{¶ 3} The First District Court of Appeals affirmed the trial court's judgment, holding that a court's authority with respect to sealing a criminal record does not originate solely from the statutory scheme. The court cited *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981), in support of its holding. The appellate court noted that R.C. 2953.53(D) provides that the sealed records of criminal cases ending in acquittal or dismissal "shall not be available to any person" other than the specific exceptions enumerated in the statute. However, the appellate court held that nothing in the statute addresses the question whether

a trial court retains the authority to unseal records for reasons other than those enumerated.

{¶ 4} The First District determined that *Pepper Pike*'s holding regarding a court's extrastatutory authority to seal records leads naturally to the conclusion that courts also have extrastatutory authority to unseal records. 2013-Ohio-2290, 990 N.E.2d 692, ¶ 8-13 (1st Dist.). The First District reasoned that a trial court's determination whether to exercise its discretion to unseal records should be guided by the same standards provided in *Pepper Pike*, which allowed the court to exercise its extrastatutory discretion to seal records only in unusual and exceptional cases, after weighing the applicant's interests in sealing the records against the government's interest in maintaining the records. *Id.* at ¶ 15-16. The First District concluded that Vanzandt's case was one of those unusual and exceptional cases that allowed discretionary unsealing and that the state's interest in prosecuting Vanzandt for retaliation far outweighed any interest that Vanzandt had in keeping the records sealed. *Id.* at ¶ 17-20.

{¶ 5} We accepted Vanzandt's discretionary appeal in order to address the issue whether a court has the authority to unseal official records for a purpose different from those explicitly authorized under R.C. 2953.53. 136 Ohio St.3d 1491, 2013-Ohio-4140, 994 N.E.2d 462.[1]

**Analysis**

{¶ 6} The decision in this case turns on the interpretation of R.C. 2953.53(D). The interpretation of a statute is a question of law, and accordingly, we review the matter de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

{¶ 7} When analyzing statutory provisions, our paramount concern is to ascertain and give effect to the intention of the General Assembly. *Henry v. Cent.*

---

[1] Vanzandt acknowledged during oral argument that the circumstances of his sealed case are now in the public domain.

*Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. We primarily seek to determine legislative intent from the plain language of a statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). An unambiguous statute must be applied by giving effect to all of its language, without adding or deleting any words chosen by the General Assembly. *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 12.

{¶ 8} Vanzandt's application to seal his records was governed by R.C. 2953.52, which applies to "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information." R.C. 2953.52(A)(1). The statute allows a court to seal an applicant's records only after determining (1) the disposition of the applicant's case, (2) whether any other criminal proceedings are currently pending against the applicant, and (3) whether the applicant's interests in sealing the records are outweighed by any legitimate governmental needs to maintain the records. R.C. 2953.52(B)(4).

{¶ 9} After a court enters judgment sealing an applicant's records pursuant to R.C. 2953.52, access to those records is governed by R.C. 2953.53(D), which generally provides that the sealed records "shall not be available to any person." The statute includes four exceptions that allow access to the records for limited purposes: (1) use of the records by the person who is the subject of the records for any purpose, (2) use by a law-enforcement officer to defend against a civil action arising from the officer's involvement in the sealed criminal case, (3) use by a prosecuting attorney to determine a defendant's eligibility to enter a pretrial diversion program for offenders unlikely to reoffend,

and (4) use by a prosecuting attorney to determine the eligibility of a person charged with alcohol-related offenses to enter a diversion program. *Id.*

{¶ 10} "We have repeatedly recognized that use of the term 'shall' in a statute or rule connotes the imposition of a mandatory obligation unless other language is included that evidences a clear and unequivocal intent to the contrary." *State v. Golphin*, 81 Ohio St.3d 543, 545-546, 692 N.E.2d 608 (1998). Inversely, use of the words "shall not" indicates that a statutory prohibition is mandatory. *See Cantwell v. State*, 18 Ohio St. 477 (1869), paragraph two of the syllabus. Accordingly, the provision of R.C. 2953.53(D) stating that sealed records "shall not be available to any person" constitutes a mandatory prohibition, except for the four enumerated purposes. The statutory language at issue here is unambiguous and need only be applied as written. Official records that have been sealed pursuant to R.C. 2953.52 cannot be made accessible for purposes other than those provided in R.C. 2953.53(D). Because the state in this case is not seeking access to Vanzandt's sealed records for one of the purposes set forth in the four exceptions, the state's motion to unseal the records should have been denied.

{¶ 11} Although the First District concluded, and the state argues, that an application of *Pepper Pike* demands a different result, *Pepper Pike* is inapplicable to the instant case. One of the major distinctions is that *Pepper Pike* involved a request to seal records, not a request to unseal records that had already been sealed pursuant to a final order. Further, at the time *Pepper Pike* was decided, R.C. 2953.31 et seq. permitted the sealing of records relating to the convictions of first-time offenders, but a provision for sealing the record in criminal cases resulting in acquittal or dismissal, now found in R.C. 2953.51 et seq., did not exist. Yet in the instance in which a defendant had been subjected to criminal charges that were based on purely vindictive accusations—charges that were later dismissed with prejudice—a court's refusing to seal those records due to

legislative silence failed to protect the defendant's compelling interests and did little to promote any governmental interest. *Pepper Pike,* 66 Ohio St.2d at 376-377, 421 N.E.2d 1303. *See also State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 13-14. To remedy this inequitable situation in the absence of guidance from the General Assembly, we determined that courts had limited extrastatutory authority to seal records of criminal proceedings in certain unusual and exceptional cases. *Pepper Pike* at paragraph two of the syllabus. Courts could carry out this limited authority by following the guidelines in the already existing statutes governing the sealing of criminal records. *Id.* at 378.

{¶ 12} It is possible for legislative silence on an issue to support the conclusion that a statute is ambiguous. *See, e.g., State v. Bartrum*, 121 Ohio St.3d 148, 2009-Ohio-355, 902 N.E.2d 961, ¶ 17. And if the statute's silence on an issue suggests an ambiguity, a court may ascertain the General Assembly's intent in enacting the statute by considering several factors, including the spirit of the statute and relevant public-policy concerns. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513-514, 668 N.E.2d 498 (1996). Because our analysis in *Pepper Pike* proceeded in the context of legislative silence, we were able to consider the significant public-policy interests at play and found a place for judicial discretion. But here we are not faced with legislative silence; we are faced with an express legislative prohibition. There is no ambiguity. Accordingly, *Pepper Pike* is not controlling.

{¶ 13} Nothing in the terms of R.C. 2953.53(D) indicates that its limited exceptions are illustrative rather than exhaustive. The creation of an exception to a statute that is not suggested by any of its terms constitutes "the abrogation, rather than the construction, of the statute." *Morris Coal Co. v. Donley*, 73 Ohio St. 298, 303-304, 76 N.E. 945 (1906). Despite the fact that policy considerations may lean strongly in favor of granting access to the sealed records in Vanzandt's

case, a court cannot create additional exceptions to R.C. 2953.53(D) where they do not exist.

{¶ 14} The court was therefore not authorized to unseal Vanzandt's records for the purpose provided in the state's motion.

### Conclusion

{¶ 15} When a statutory provision imposing a mandatory obligation has specifically enumerated exceptions, a court does not have discretion to create additional exceptions. R.C. 2953.53(D) expressly prohibits access to sealed records for purposes other than those specifically listed in the statute's enumerated exceptions, and those exceptions should not have been expanded through the exercise of judicial discretion in this case.

{¶ 16} The state's interest in unsealing Vanzandt's record is understandable,[2] but irrelevant; the state, like individuals, is bound by the General Assembly's determination of public policy as expressed in the Revised Code. We must heed the plain language of this unambiguous statute, and any claim of injustice or inequity must be resolved through the legislative process rather than judicial redress.

{¶ 17} Accordingly, we reverse the court of appeals' judgment and remand this cause to the trial court with instructions to vacate its judgment.

Judgment reversed<br>and cause remanded.

LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents.

O'DONNELL, J., dissents and would dismiss the case as improvidently allowed.

---

[2] We note that unsealing Vanzandt's record was not critical to the success of the state's prosecution for retaliation. For example, the state would be able to introduce the testimony of the victim of the retaliation.

_____

**PFEIFER, J., dissenting.**

{¶ 18} One interesting aspect of this case is that in it, the state takes a diametrically opposite position from its position in another case released today, *State v. Radcliff*, ___ Ohio St.3d ___, 2015-Ohio-235, __ N.E.3d __, with respect to the vitality of *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). In *Radcliff*, the state argued that "*Pepper Pike* no longer provides extrastatutory inherent power to seal records in criminal cases." In this case, the state argues not only that *Pepper Pike* lives, but that it should be extended, stating, "Just as there is judicial authority to seal records in unusual and exceptional cases, there should also be a judicial authority to unseal records in unusual and exceptional cases."

{¶ 19} Though I have served on this court a long time, the court is still able to surprise and sadden me. Today, the court decides two cases related to the sealing of criminal records and issues two opinions so lacking in justice that they defy credulity. As Don Imus says, you can't make this stuff up. In *State v. Radcliff*, the court disallows the sealing of records of criminal convictions that are 30 years old and for which the offender has been pardoned by a governor of Ohio. In this case, the court concludes that records of criminal cases less than three years old must remain sealed; indeed, it holds that their existence can't even be recognized for the limited purpose of showing that there had been a previous trial. In *Radcliff*, the failure to seal the records ensures that a public-school employee with 20 years of good service is ineligible to work for the school. In this case, the failure to unseal the record ensures that a person accused of retaliating against a witness will not be prosecuted. Two cases, two exactly wrong conclusions. So much for justice, equity, sanity.

**{¶ 20}** Although it is hard to tell sometimes given the strictures this court submits itself to,[3] this court and all courts in Ohio can act in the absence of a statute. Although the Revised Code contains many statutes that bind this court, it has not yet subsumed the entirety of the common law. *See Bresnik v. Beulah Park Ltd. Partnership, Inc.*, 67 Ohio St.3d 302, 304, 617 N.E.2d 1096 (1993) ("Not every statute is to be read as an abrogation of the common law"). Furthermore, the courts of Ohio have "plenary power to administer justice which is inherent in every court whose jurisdiction derives from the Ohio Constitution." *State ex rel. Johnston v. Taulbee*, 66 Ohio St.2d 417, 422, 423 N.E.2d 80 (1981); *see Zangerle v. Cuyahoga Cty. Court of Common Pleas*, 141 Ohio St. 70, 46 N.E.2d 865 (1943), paragraph two of the syllabus.

**{¶ 21}** As explained in my dissent in *Radcliff*, courts have inherent power to seal records in unusual and exceptional cases. *See Pepper Pike*, 66 Ohio St.2d 374, 421 N.E.2d 1303. In my opinion, a court that has the inherent power to seal records in unusual and exceptional cases has the inherent power to unseal them in unusual and exceptional cases.

**{¶ 22}** The case before us is unusual. The state is not asking to unseal the entirety of the record for all time; it is seeking to unseal the record for a specific limited purpose: to prove that a person was a witness in a prior case. That's it. And then, after the record is unsealed for that limited purpose, the record would be resealed. Courts have and ought to have the authority to so act. Otherwise, as in this case, a person who retaliates against a witness for something said in a sealed case will be immune from punishment for that retaliation. To the benighted sovereign immunity, we must now add retaliation immunity.

---

[3] The three-part test set forth in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, is a good example. It has been described as "unworkable," and "of questionable value," *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 221 and 223 (Lanzinger, J., concurring in part), and as a "legalistic straitjacket," *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 19 (Pfeifer, J., dissenting).

**{¶ 23}** I dissent.

————————————

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Raymond T. Faller, Hamilton County Public Defender, and Christine Y. Jones and Josh Thompson, Assistant Public Defenders, for appellant.

————————————