[Cite as *State v. Jones*, 2023-Ohio-4829.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

TYLER JONES

    Appellant

C.A. No.    30601

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 21 11 4154

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

FLAGG LANZINGER, Judge.

{¶1} Tyler Jones appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} On November 22, 2021, a grand jury indicted Mr. Jones on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) related to events that occurred on November 13, 2021. Both counts were fourth-degree felonies and contained forfeiture specifications under R.C. 2941.1417(A). Mr. Jones pleaded not guilty and the trial court set the matter for a jury trial.

{¶3} Upon Mr. Jones's request, the trial court vacated the trial date and eventually set the matter for a status conference to occur on August 8, 2022. On August 8, 2022, Mr. Jones filed a motion to dismiss the indictment "[w]ithout addressing the facts" of the matter. Instead, Mr. Jones asserted that Senate Bill 215 (codified as R.C. 2923.111), which went into effect on June 13,

2022, now allows a "qualifying adult" to carry a concealed handgun without a concealed handgun license. Mr. Jones asserted that, "[u]pon information and belief," he is a "qualified adult" under R.C. 2923.111. Mr. Jones also asserted that, although R.C. 2923.111 did not take effect until June 13, 2022, he was immune from punishment because R.C. 2923.111 applies retroactively under R.C. 1.58(B) to conduct that occurred before its effective date. Mr. Jones further asserted that there was no allegation that he violated R.C. 2923.16(E)(1)-(5), regarding the requirements for transporting a firearm in a motor vehicle that are applicable to persons with a concealed handgun license.

{¶4} In response, the State argued that Senate Bill 215 does not apply retroactively to crimes committed before its June 13, 2022, effective date. In doing so, the State briefly summarized the underlying facts as follows:

> The facts of the case arise from a traffic stop that occurred on November 13, 2021. The officer observed an open container in plain view in the vehicle and upon removal of the Defendant from the car officers observed a loaded firearm in the car and also located an additional firearm in his pocket. The Defendant then admitted to ownership of both firearms.

{¶5} On October 11, 2022, the trial court held a telephone conference. After the conference, the trial court issued a judgment entry that summarily denied Mr. Jones's motion to dismiss without any explanation or analysis, and set the matter for trial on January 27, 2023. The record does not contain a transcript of the telephone conference.

{¶6} Prior to the trial date, Mr. Jones pleaded no contest to the count of improperly handling firearms in a motor vehicle and to the forfeiture specifications. In exchange, the State moved to dismiss the count of carrying a concealed weapon, which the trial court granted. The record does not contain a transcript related to Mr. Jones's change of plea. The trial court then

sentenced Mr. Jones according to the parties' plea agreement. Mr. Jones now appeals, raising one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED UPON THE ELIMINATION OF PENALTIES FOR THE OFFENSE CHARGED.

{¶7} In his sole assignment of error, Mr. Jones argues that the trial court erred by denying his motion to dismiss. For the following reasons, this Court disagrees.

{¶8} Mr. Jones asserts that this appeal is based upon the proper interpretation of R.C. 2923.111 (regarding carrying a concealed handgun without a license) and its relation to R.C. 1.58 (regarding the effect of amendments to a statute on existing conditions). As a result, Mr. Jones asserts that this case presents an issue of law for this Court to review de novo.

{¶9} R.C. 2923.111(B)(1), effective June 13, 2022, provides that "[a] person who is a qualifying adult shall not be required to obtain a concealed handgun license in order to carry * * * a concealed handgun that is not a restricted firearm." The statute defines a "[q]ualifying adult" as a person who: (1) is 21 years old or older; (2) is "[n]ot legally prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1) to (9) or under section 2923.13 of the Revised Code or any other Revised Code provision;" and (3) "[s]atisfies all of the criteria listed in divisions (D)(1)(a) to (j), (m), (p), (q), and (s) of section 2923.125 of the Revised Code." R.C. 2923.111(A)(2)(a) through (c). The statute provides that a "qualifying adult" is entitled to the same rights–and is subject to the same restrictions–as a person with a concealed handgun license. R.C. 2923.111(B)(3).

{¶10} R.C. 2923.16(B), under which Mr. Jones was charged, governs improperly handling firearms in a motor vehicle and provides that "[n]o person shall knowingly transport or

have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." If that person has a concealed handgun license and is stopped by a law enforcement officer, that person shall not knowingly: (1) fail to disclose that the person possesses or has a loaded handgun in the vehicle; (2) fail to remain in the vehicle while stopped with the person's hands in plain sight; (3) touch the handgun with the person's hands or fingers; or (4) disregard or fail to obey any lawful orders while the vehicle is stopped. R.C. 2923.16(E)(1), (3), (4), and (5). Mr. Jones argues that, with the enactment of R.C. 2923.111, a person who is a "qualifying adult" is entitled to the same rights as a person with a concealed handgun license for purposes of R.C. 2923.16.

{¶11} While the interpretation of a statute is reviewed de novo, the circumstances of this case do not require this Court to reach the issue of whether R.C. 2923.111 applies retroactively to conduct that occurred before its effective date. *See Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, ¶ 6 ("The interpretation of a statute is a question of law, and accordingly, we review the matter de novo."). Instead, this appeal turns on the procedural posture of the underlying case and the record before this Court.

{¶12} The record reflects that Mr. Jones pleaded no contest to improperly handling firearms in a motor vehicle, and that the trial court dismissed the count of carrying a concealed weapon. Under Crim.R. 11(B)(2), "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Mr. Jones, therefore, admitted that he "did knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle, in violation of 2923.16(B) * * *, contrary to the form of the statute * * *[,]" as alleged in the indictment. Mr. Jones argues, however, that he is a "qualifying adult" under R.C. 2923.111,

and that R.C. 2923.111 applies retroactively to conduct, like his, that occurred before its effective date. Mr. Jones also argues that there was no allegation that he violated any of the requirements under R.C. 2923.16(E) (e.g., that he failed to disclose the firearms to the officer, that he failed to remain in his vehicle with his hands in plain sight, etc.). Accordingly, he argues, he is immune from punishment.

{¶13} Even assuming without deciding that R.C. 2923.111 applies retroactively, the record is devoid of any evidence indicating that Mr. Jones would be a "qualifying adult" under that statute. In his merit brief, Mr. Jones summarily asserts that he is, but he provides no factual basis or citations to the record in support of his position. *See* App.R. 16(A)(7) (requiring an appellant's brief to contain citations to "parts of the record on which appellant relies."). Even if the record established that Mr. Jones could be considered a "qualifying adult[,]" the record is also devoid of any evidence indicating that Mr. Jones complied with R.C. 2923.16(E) (e.g., that he disclosed the firearms to the officer, that he remained in his vehicle with his hands in plain sight, etc.) such that he did not violate R.C. 2923.16(B). Again, Mr. Jones has provided no factual basis or citations to the record in support of his position. *See* App.R. 16(A)(7). Moreover, the record contains no stipulations to that effect, nor does the record contain any transcripts to substantiate Mr. Jones's claims.

{¶14} Regardless of the enactment of R.C. 2923.111, improperly handling firearms in a motor vehicle remains a crime under R.C. 2923.16. It was Mr. Jones's burden to establish error on appeal, and he has failed to do so. *State v. Grether*, 9th Dist. Summit No. 28977, 2019-Ohio-4243, ¶ 16, quoting *State v. Patel*, 9th Dist. Summit No. 24024, 2008-Ohio-4692, ¶ 55 ("It is the duty of the appellant to demonstrate error on appeal and to include appropriate citations to the

transcripts and record in support of that argument."). Accordingly, Mr. Jones's assignment of error is overruled.

III.

**{¶15}** Mr. Jones's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.