[Cite as *State v. J.W.G.*, 2024-Ohio-2071.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No.   113338

    v.                           :

J.W.G.,                                 :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 30, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-413198-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Rachel E. Cohen and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

**{¶ 1}** Defendant-appellant appeals the trial court's denial of his application to seal his record of conviction. After a thorough review of the record, we reverse and remand for the trial court to hold a hearing on appellant's application.

**{¶ 2}** In 2001, appellant pleaded guilty to unauthorized use of a motor vehicle, a first-degree misdemeanor pursuant to R.C. 2913.03, and one count of failure to comply with the order or signal of a police officer, a third-degree felony pursuant to R.C. 2921.331. He was sentenced to serve two years in prison.

**{¶ 3}** On July 24, 2023, appellant filed an application for expungement of his record of conviction and requested a hearing on the matter pursuant to statute. In accordance with R.C. 2953.32(C), the probation department prepared an expungement investigation report ("EIR"). The state objected to appellant's application because, according to the EIR, appellant had previously been convicted of multiple felonies and those convictions rendered him ineligible to have his record of conviction expunged or sealed.[1]

---

[1] In *State v. W.A.R.*, 8th Dist. Cuyahoga No. 113057, 2024-Ohio-256, this court noted that the terms "expunge" and "seal" are often used interchangeably but that they are different: "'Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a "separate, secured location" and "cannot be seen by most people."'" *Id.* at ¶ 13, fn. 2, quoting *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, *Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create*, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

**{¶ 4}** On October 11, 2023, the trial court denied appellant's application without holding a hearing.

**{¶ 5}** In his sole assignment of error, appellant argues that the trial court erred in denying his application to expunge his record of conviction. Appellant requests that this court either declare him an eligible offender pursuant to law or remand the case for a hearing on his application.

**{¶ 6}** Generally, this court reviews a trial court's decision to grant or deny an expungement for an abuse of discretion. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). However, "whether an offender is eligible to have a conviction expunged" is reviewed de novo. *State v. V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, ¶ 6, citing *Bradberry*; *see also State v. T.D.*, 8th Dist. Cuyahoga No. 111307, 2022-Ohio-3741, ¶ 5, 6.

**{¶ 7}** The "statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. T.S.*, 8th Dist. Cuyahoga No. 102648, 2017-Ohio-7395, ¶ 8. Appellant filed his application on June 4, 2023; therefore, the version of the statute in effect from April 6, 2023, to October 3, 2023, controls.

**{¶ 8}** Pursuant to the April 6, 2023 version of R.C. 2953.32(C), upon the offender's filing of an application to seal his or her record, the trial court shall set a hearing and the court shall hold the hearing between 45 and 90 days after the filing of the application:

(C) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application not less than sixty days prior to the hearing. The prosecutor shall provide timely notice to a victim and victim's representative, if applicable, if the victim or victim's representative requested notice of the proceedings in the underlying case. The court shall hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application.

{¶ 9} The statute further delineates the determinations and considerations the court must pursue at the time of the hearing. *See* former R.C. 2953.32(D)(1)(a)-(h) (effective Apr. 6, 2023).

{¶ 10} The "paramount concern" of a reviewing court in analyzing statutory provisions is to "ascertain and give effect to the intention of the General Assembly." *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7. A reviewing court primarily determines legislative intent from the plain language of a statute. *Id.* "'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.'" *Id.*, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). "An unambiguous statute must be applied by giving effect to all of its language, without adding or deleting any words chosen by the General Assembly." *Vanzandt* at *id.*, citing *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 12.

{¶ 11} Appellant contends that he is eligible to have his record of conviction sealed because the April 6, 2023 version of R.C. 2953.32(A)(5) should be interpreted to mean that an offender cannot apply for sealing or expungement if he or she has

been convicted of more than two felonies of the third-degree *per case*. According to appellant, because the legislature removed the definition of "eligible offender" from the statute, the prohibition against more than two felonies of the third-degree applies "to cases and not people." Therefore, under appellant's theory, an offender can apply to have his or her record sealed or expunged so long as the offender has not been convicted of more than two felonies of the third-degree in a single case (and otherwise qualifies).

{¶ 12} We find that it would be premature to consider whether appellant's convictions render him ineligible for expungement because the trial court did not hold a hearing on appellant's application, as is mandated by statute.

{¶ 13} In *W.A.R.*, 8th Dist. Cuyahoga No. 113057, 2024-Ohio-256, the defendant filed a motion to seal his record of conviction on May 21, 2023. This court found that the April 6, 2023 version of R.C. 2953.32 definitively required a trial court to set a hearing and hold a hearing upon an offender's application to seal his or her record of conviction and make the determinations enumerated in R.C. 2953.32(D)(1). *Id.* at ¶ 20. This court reasoned that only after the trial court acted in accordance with the statute by setting and conducting a hearing on the application and making the requisite statutory determinations and considerations, could the trial court render a decision on the application. *Id.*

{¶ 14} The language of the April 6, 2023 version of R.C. 2953.32 is clear and unambiguous; we must apply the statute as written, and the trial court was required

to follow the language of the statute.[2]  Thus, pursuant to the dictates of R.C. 2953.32, the trial court improperly denied appellant's application "without first setting a hearing and conducting a hearing in concert with the statutory requirements." *W.A.R.* at ¶ 23.  Accordingly, we reverse the trial court's decision and remand the case for a hearing on appellant's application.

{¶ 15}  The sole assignment of error is sustained to the extent that the trial court erred in not holding a hearing on appellant's application.  We do not opine on the merits of the application nor consider whether appellant's record of conviction is eligible to be sealed or expunged.

{¶ 16}  Judgment reversed.  Case remanded to the trial court to hold a hearing pursuant to former R.C. 2953.32(C).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR

---

[2] We note that prior versions of the statute did not mandate a hearing.  *See W.A.R.* at ¶ 22.