[Cite as *State v. Scarberry*, 2025-Ohio-933.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MALLORY L. SCARBERRY | : | Case No. 24 CA 037 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Fairfield County
                                     Municipal Court, Case No. TRD 24
                                     03975


JUDGMENT:                            Reversed


DATE OF JUDGMENT:                    March 17, 2025


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

Andrew D. Semelsberger                   Aaron R. Conrad
Assistant Prosecutor                     120 E. Main Street, Suite 200
136 W. Main Street                       Lancaster, Ohio 43130
Lancaster, Ohio 43130

*Gormley, J.*

**{¶1}** Defendant Mallory L. Scarberry appeals her conviction in Fairfield County on one misdemeanor charge of distracted driving. Because Ohio's distracted-driving statute does not ban the conduct in which she engaged, we now vacate her conviction.

## Facts and Procedural History

**{¶2}** In June 2024, Scarberry, while driving a vehicle in Fairfield County, made a phone call using her vehicle's hands-free functionality. While on that call, Scarberry felt that the audio from her vehicle's speakers was muffled, so she unplugged her phone and continued her conversation using her phone's speaker-phone function. As she drove, Scarberry held her phone to the side of her head, with the phone positioned approximately four to five inches from her ear.

**{¶3}** An Ohio State Highway Patrol trooper saw Scarberry driving while talking on her phone this way and pulled her over. Scarberry was cited for distracted driving and was later convicted following a bench trial in the Fairfield County Municipal Court. Scarberry now appeals

## Scarberry Did Not Violate Ohio's Distracted-Driving Law

**{¶4}** In her sole assignment of error, Scarberry contends that Ohio's distracted-driving law does not apply to her conduct. We agree.

**{¶5}** We review questions of statutory interpretation without deference to the trial court's reading of the law. *State v. Yoder*, 2024-Ohio-1264, ¶ 8 (5th Dist.). "'The intention of the legislature is to be collected from the words they employ.'" *State v. Fork*, 2024-Ohio-1016, ¶ 13, quoting *United States v. Wiltberger*, 18 U.S. 76, 95 (1820). A court's "paramount concern is to ascertain and give effect to the intention of the General

Assembly." *State v. Vanzandt*, 2015-Ohio-236, ¶ 7. Courts "determine legislative intent from the plain language of a statute." *Id.* "To determine the plain meaning of a statute, a court relies on the definitions provided by the legislative body. When a term is not defined in the statute, we give the term its plain and ordinary meaning." (Citation omitted.) *Lingle v. State*, 2020-Ohio-6788, ¶ 15. A court must interpret an unambiguous statute "without adding or deleting any words chosen by the General Assembly." *Vanzandt* at ¶ 7.

{¶6} The distracted-driving statute provides that "[n]o person shall operate a motor vehicle . . . on any street, highway, or property open to the public for vehicular traffic while using, holding, or physically supporting with any part of the person's body an electronic wireless communications device." R.C. 4511.204(A).

{¶7} The statute goes on to list several exceptions. One of those exceptions, relevant here, excludes from culpability "[a] person using and holding an electronic wireless communications device directly near the person's ear for the purpose of making, receiving, or conducting a telephone call, provided that the person does not manually enter letters, numbers, or symbols into the device[.]" R.C. 4511.204(B)(4). The statute does not define the term "directly near." Though it was undisputed at her trial that Scarberry did not manually enter any numbers into her phone, the trial judge concluded that the directly-near exception did not apply to her because — as the trial judge said in explaining his guilty verdict — Scarberry had not held her phone "against" her ear.

{¶8} We conclude, however, that the directly-near exception does not require that the phone touch the driver's ear. "Directly" means "in a direct line, way, or manner; straight; without intervening space; next in order." *Random House Webster's Unabridged Dictionary* (2d Ed. 2001). "Near" means "close; to a point or place not far away; close in

relation." *Id.* *See also Merriam-Webster Online,* https://www.merriam-webster.com/dictionary/near (accessed Mar. 6, 2025) [https://perma.cc/6NET-PKJP] ("at, within, or a short distance or time; almost, nearly; in a close or intimate manner"). Construing the plain meaning of the words "directly near," we decline to limit the directly-near exception to those drivers who hold a phone directly against an ear.

{¶9} We must still determine, though, whether Scarberry's positioning of her phone qualified for the directly-near exception. We find that it did. Scarberry testified that the phone was off to the side of her head and was not obstructing her view of the roadway. The trial judge accepted this description and found that the phone was four to five inches from Scarberry's ear. That position was, in our view, "directly near" her ear.

{¶10} In interpreting the directly-near exception as we do, we find the wording of other states' distracted-driving statutes — and courts' interpretations of those statutes — to be helpful. New York law, with minor exceptions, prohibits highway drivers from talking on the phone without a hands-free device. N.Y. Vehicle & Traffic Law 1225-c(2)(a), N.Y. Vehicle & Traffic Law 1225-c(3). A driver in New York who is seen holding a phone "in the immediate proximity of" his or her ear is rebuttably presumed to be talking on the phone. N.Y. Vehicle & Traffic Law 1225-c(2)(b). New York law defines "immediate proximity" as "that distance as permits the operator of a mobile telephone to hear telecommunications transmitted over such mobile telephone, but shall not require physical contact with such operator's ear." N.Y. Vehicle & Traffic Law 1225-c(1)(g).

{¶11} New York courts interpreting this statutory framework have found that phones held several inches from the ear should be viewed as being in the ear's "immediate proximity." *See, e.g., Smilow v. New York State Dept. of Motor Vehicles*, 95

A.D.3d 1023, 1024 (2012) (three to five inches); *Village of Floral Park v. Cusmai*, 2004 NYLJ LEXIS 5564, *1 (three to six inches). *See also* Conn.Gen.Stat.Ann. 14-296aa (an electronic device in Connecticut is viewed as being in the "immediate proximity" of a driver's ear even when that device is not in "physical contact" with the ear).

{¶12} We note, too, that our conclusion here does not conflict with other portions of Ohio's distracted-driving statute. That statute provides a separate exception to the ban on driving while using a phone to "[a] person using the speaker phone function of the electronic wireless communications device, provided that the person does not hold or support the device with any part of the person's body." R.C. 4511.204(B)(6). This speaker-phone exception does not apply to Scarberry because she was holding the phone with her right hand while driving.

{¶13} The "speaker phone" exception is not, however, rendered meaningless by the "directly near" exception. Rather, a driver whose conduct fits within any one of the exceptions is exempt from Ohio's phone-usage ban, even if none of the other exceptions apply. *See* R.C. 4511.204(B) (explaining that a driver is exempt from the phone-usage ban when "any" of the 13 exceptions apply).

{¶14} When interpreting statutes, courts should "evaluate a statute 'as a whole and giv[e] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.'" *Boley v. Goodyear Tire & Rubber Co.*, 2010-Ohio-2550, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. Of Edn.*, 95 Ohio St. 367, 373 (1917). Given that the General Assembly used the word "any" rather than "all" in spelling out the phone-

usage ban's 13 exceptions in R.C. 4511.204(B), we readily conclude that a driver to whom any of those exceptions apply cannot be said to have violated the law

{¶15} Finally, of course, we are mindful of the rule of lenity. Under that longstanding principle, "the criminal statutes of the Revised Code are to be strictly construed against the state and liberally construed in favor of the accused." *State v. Gray*, 62 Ohio St.3d 514, 515 (1992). *See also* R.C. 2901.04(A). Because the Revised Code does not define "directly near," we must give Scarberry the benefit of any doubt about that phrase's meaning.

{¶16} For the reasons explained above, we vacate Scarberry's distracted-driving conviction.

By: Gormley, J.

Montgomery, P.J. and

Popham, J. concur.