[Cite as *Davis v. Davis*, 2014-Ohio-4957.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

JAMES E. DAVIS, III                         :
                                            :         Appellate Case No. 26200
        Plaintiff-Appellant                 :
                                            :         Trial Court Case No. 2013-CV-1866
v.                                          :
                                            :
ROCHELLE DAVIS, et al.                      :         (Civil Appeal from
                                            :          Common Pleas Court)
        Defendant-Appellee                  :
                                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of November, 2014.

. . . . . . . . . . .

RYAN C. BECK, Atty. Reg. No. 0085592, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

STEPHEN M. YEAGER, Atty. Reg. No. 0011841, SUSAN M. SALYER, Atty. Reg. No. 0076623, 205 West Fourth Street, Suite 1280, Cincinnati, Ohio 45202
        Attorneys for Defendant-Appellee

ALICIA HOLDEN, 1118 Webb Forest Trail, Lawrenceville, Georgia 30043
        Defendant-Appellee-Pro Se

MARGARET SCHUTTE, Atty. Reg. No. 0078968, 200 West Second Street, Suite 200, Dayton, Ohio 45402
        Attorney for Defendant-Appellee-U.S. Department of Labor

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant James E. Davis, III appeals from a summary judgment rendered in favor of defendant-appellee Rochelle Davis.  Mr. Davis contends that the trial court erred in granting summary judgment and in not granting his motion for a continuance to conduct additional discovery pursuant to Civ.R. 56(F).

{¶ 2}    We conclude that the trial court abused its discretion by failing to grant Mr. Davis's request for a continuance to conduct additional discovery.  Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I. Course of the Proceedings

{¶ 3}    On March 26, 2013, James E. Davis, III brought this action against Rochelle Davis, Alicia Holden, and the United States Department of Labor, seeking compensation for personal injuries sustained by Mr. Davis when he fell on real property located at 1827 Oakridge Avenue in Dayton.  After Rochelle Davis filed her answer to the complaint, Mr. Davis voluntarily dismissed, without prejudice, Holden and the Department of Labor.  Dkt. 20, 29.

{¶ 4}    On August 8, 2013, the trial court issued its Final Pretrial Order.  The trial court set April 28, 2014 as the deadline to complete all discovery; February 27, 2014 as the deadline to file motions for summary judgment; and May 28, 2014 as the trial date.  The Pretrial Order also stated that any responses to a motion for summary judgment must be filed

within 14 days of the filing of the motion.   Dkt. 32.

{¶ 5}    On February 21, 2014, Rochelle Davis filed a motion for summary judgment. Dkt. 49.   Mr. Davis filed his response to the motion for summary judgment on March 20, 2014. Dkt. 50.    In his response, Mr. Davis requested additional time to respond to the motion for summary judgment, explaining that a deposition scheduled for April 25, 2014, was crucial to any response to the motion for summary judgment.

{¶ 6}    On March 21, 2014, the trial court granted Rochelle Davis's motion for summary judgment.   Dkt. 52.   The trial court used an entry prepared by counsel for Rochelle Davis that simply stated: "This matter came before the Court on the Motion of Defendant Rochelle Davis for summary judgment.   The Court finds said motion well taken and hereby grants same."

{¶ 7}    From this judgment, Mr. Davis appeals.


**II. The Trial Court Abused its Discretion by Overruling Mr. Davis's Request for Continuance and Additional Discovery Pursuant to Civ.R. 56(F)**

{¶ 8}    The sole assignment of error states:

THE    TRIAL    COURT    ERRED    BY    GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION UNDER CIVIL RULE 56(F).

{¶ 9}    Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by

affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 10} The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 11} The circumstances present in each case should be considered in determining whether a trial court abuses its discretion in denying a motion for continuance. *Countrywide Home Loans Servicing, L.P. v. Stultz*, 161 Ohio App.3d 829, 2005-Ohio-3282, 832 N.E.2d 125, ¶ 14 (10th Dist.). The reviewing court must apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. *Id.* "The trial court must consider the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys, and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request." *Id.*

{¶ 12} On February 14, 2014, the parties came to an agreement to take the deposition of Yolanda Burch on April 25, 2014. That deposition was within the discovery cutoff date set by the trial court in its Final Pretrial Order. Rochelle Davis then moved for summary judgment on February 21, 2014. Pursuant to the Final Pretrial Order, Mr. Davis then had fourteen days to file

a response to the motion for summary judgment. Mr. Davis failed to meet this deadline. Mr. Davis filed his response to the motion for summary judgment on March 20, 2014.

{¶ 13}   In his response to the motion for summary judgment, Mr. Davis stated that he "has not had sufficient time to conduct discovery so he can properly respond to this Motion." He asked the trial court to overrule the motion until discovery was completed or to give him until May 23, 2014 to file a response to the motion.   In the memorandum in support of his response to the motion for summary judgment, Mr. Davis explained that the deposition of Yolanda Burch was scheduled for April 25, 2014.   According to his memorandum:

> Burch resided in the property and would have seen the condition of the porch daily.   * * * Mr. Davis reasonably expects Burch will be able to provide evidence demonstrating the condition of the porch was significantly deteriorating over the period of time and provide evidence showing Defendant Davis had either been informed of the poor condition of the porch or that she should have known. * * * Thus, Mr. Davis will be able to demonstrate that Defendant Davis had notice of the hazard with Burch's deposition.

Dkt. 50.

{¶ 14}   Mr. Davis also submitted the affidavit of his counsel, Ryan C. Beck, in support of his response to the motion for summary judgment. Dkt. 51. In the affidavit, Beck explained that the parties had agreed in February 2014 to take the deposition of Yolanda Burch on April 25, 2014.   According to the last two paragraphs of the affidavit:

> I have sufficient cause to believe that Yolanda Burch has important information regarding the condition of the property located at 1827 Oakridge

Avenue, Dayton Ohio in 2011, and that this evidence will demonstrate that the porch at the address was deteriorating and in a hazardous condition, and will provide evidence showing that Defendant Rochelle Davis has either been informed of the condition or should have known of the condition.

Because the basis for the Motion for Summary Judgment is founded upon the allegation that Defendant Rochelle Davis was not aware of the hazardous condition of the porch, I cannot adequately respond to the motion without the opportunity to conduct the deposition of Yolanda Burch, who has critical information regarding these issues.

{¶ 15} The trial court did not address Mr. Davis's request before granting summary judgment. As we noted above, a trial court is afforded some discretion in deciding a Civ.R. 56(F) motion for a continuance of a summary judgment hearing. Therefore, we must give that decision some deference. The extent of that deference is attenuated when there is no indication that the trial court ever considered the Civ.R. 56(F) motion, as in this case. Moreover, while the response to the motion for summary judgment was untimely filed, this does not preclude the trial court from considering the request for additional discovery and a continuance pursuant to Civ.R. 56(F). Indeed, the trial court's Final Pretrial Order allowed for additional discovery well past the deadline for summary judgment motions. Furthermore, the request for additional time to respond to the motion, albeit filed outside the fourteen days provided for a response, was well before the trial date and the discovery cutoff.

{¶ 16} Balancing the relevant factors, we conclude that the trial court abused its discretion by effectively overruling Mr. Davis's request for a continuance to conduct additional

discovery when the trial court granted summary judgment to Rochelle Davis. Accordingly, the sole assignment of error is sustained.

### III. Conclusion

{¶ 17} The sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan C. Beck
Stephen M. Yeager
Susan M. Salyer
Alicia Holden
Margaret Schutte
Hon. Frances E. McGee