[Cite as *Norris v. Basden*, 2024-Ohio-1019.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Audene Norris, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-305 |
| v. | : | (C.P.C. No. 22CV-8386) |
| Arlena Basden et al. | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 19, 2024

**On brief:** *Benson & Sesser*, *LLC, Mark D. Tolles, II*, for appellant. **Argued:** *Mark D. Tolles, II*.

**On brief:** *Poling Law, Sabrina S. Sellers*, and *Zachary R. Hoover*, for appellees. **Argued:** *Sabrina S. Sellers*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant, Audene Norris, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by defendants-appellees Arlena Basden, Mount Carmel Grove City, Mount Carmel Health System, Trinity Health Corporation, and John Does 1-10, after previously denying appellant's motion for an extension of time to oppose summary judgment and striking appellant's subsequent attempt to file an untimely brief in opposition to summary judgment. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant initially filed a complaint against appellees on December 14, 2020. *See Norris v. Basden*, Franklin C.P. No. 20CV-8027. The parties agree that appellees filed

a motion for summary judgment, and appellant responded with a brief in opposition to summary judgment accompanied by a supporting affidavit. On December 1, 2021, prior to resolution of that motion, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).

{¶ 3} One year later, appellant refiled a complaint against appellees on December 1, 2022. In the complaint, appellant alleged that on February 9, 2019 at approximately 12:09 p.m., she went to Mount Carmel Grove City's emergency department due to right leg pain. After an examination, medical professionals determined appellant "had an acute exacerbation or flare-up of chronic pain, and that she did not have any injury or trauma to her right leg." (Compl. at 4.) The exam concluded at 1:53 p.m., she was discharged in a stable condition, and was taken by wheelchair to the lobby to wait for her transportation home. At approximately 2:11 p.m., appellant's daughter arrived to pick up appellant. Around the same time as appellant's daughter's arrival, Basden "transported [appellant] in a wheelchair from the Mount Carmel Grove City's lobby to [appellant's] daughter's vehicle." (Compl. at 4.) While appellant was "being transferred from the wheelchair to her daughter's car," appellant alleged she sustained injuries, including a right femur fracture. (Compl. at 4.) She was thereafter transferred by ambulance to Mount Carmel West where she was admitted and underwent surgery to repair the fracture.

{¶ 4} In Count 1 of appellant's complaint, she alleged "Personal Injury/Negligence" based on appellees providing "substandard" transportation services and/or custodial care for appellant; breaching a duty of care owed to "customers"; negligent or reckless hiring, training, and supervision of their employees and/or agents; and negligence or recklessness with respect to policies, procedures, and/or protocols relative to transporting "customers." (Compl. at 6-10.) Appellant asserted that "[t]he acts or omissions complained of herein do not implicate questions of medical competence nor involve matters of medical science or art that would require specialized knowledge, training, or skills ordinarily not possessed by laypersons." (Compl. at 9.) Appellant additionally alleged counts of respondeat superior and tortious interference with or destruction of evidence related to a surveillance video, audio recordings, and written reports.

{¶ 5} Appellees filed an answer on December 9, 2022 asserting, in part, the expiration of the statute of limitations and/or statute of repose as affirmative defenses. On

December 12, 2022, appellees then filed a motion for summary judgment on the basis that appellant's complaint contains "medical claims" as defined by R.C. 2305.113(E) subject to and, under the undisputed facts, barred by the one-year statute of limitations in R.C. 2305.113(A). As support for their contention that the complaint involves medical claims, appellees argued that, as part of the "Medical Decision Making" during the medical treatment of appellant in the emergency department, "a physician directed [appellant] be placed into a wheelchair to prepare her for discharge." (Mot. for Summ. Jgmt. at 2, citing attached exhibits of medical records.) "In accordance with this medical decision making by a physician, Nurse * * * Basden transported [appellant] in a wheelchair when the alleged injury occurred." (Mot. for Summ. Jgmt. at 2, citing Compl.) "The use of a wheelchair was used to alleviate her complaints of right leg pain and to assist with her reduced mobility" and was "ancillary to, and an inherently necessary part of, the care and treatment of [appellant's] right leg pain by [appellees] in the ED." (Mot. for Summ. Jgmt. at 2-3.) Appellees added that to the extent the complaint alleges negligence and breach of duty based on the failure to implement appropriate guidelines, policies, and procedures, those allegations in healthcare settings have been held to constitute medical claims.

{¶ 6} According to appellees, since appellant's medical claims accrued on February 9, 2019, her initial December 14, 2020 complaint was filed beyond the one-year statute of limitations. Further, because that initial filing was untimely, the savings statute ordinarily available following a voluntary dismissal does not, in this case, apply to save the refiled complaint. As a result, appellees argued there is no genuine issue of material fact and appellees are entitled to judgment as a matter of law. Appellees attached to the motion for summary judgment authenticated portions of the Mount Carmel Grove City emergency department records related to appellant's care on February 9, 2019 and an affidavit of Basden.

{¶ 7} On January 9, 2023, appellant filed a motion for an extension of 90 days to respond to appellees' motion for summary judgment pursuant to Civ.R. 6(C)(3) and 56(F). Appellant attached an affidavit of counsel, which stated counsel had not been able to fully research and brief all the issues raised in the motion for summary judgment due to personal obligations over the holidays in addition to his workload and schedule issues. Counsel requested an extension to conduct additional discovery relative to the issues raised in

appellees' motion for summary judgment, including taking the deposition of Basden. Counsel stated he anticipated such discovery "should be able to be obtained within ninety * * * days" of this motion. (Jan. 9, 2023 Mot. at 2.)

{¶ 8}   On February 17, 2023, appellees filed a motion to stay discovery until the summary judgment motion was resolved by the trial court. The trial court granted appellees' motion to stay.

{¶ 9}   The trial court then, on February 23, 2023, denied appellant's motion for extension of time to respond to appellees' motion for summary judgment.  "Based on the history of this case, [appellant's] motion is not well taken. [Appellant] has previously briefed the issues in [appellees'] Motion for Summary Judgment in the prior case and submitted a supporting affidavit."  (Feb. 23, 2023 Order at 1.)

{¶ 10}  A few weeks later, appellant filed a brief in opposition to summary judgment. Appellant indicates her brief in opposition was filed on March 10, 2023, while the trial court decision and appellees' appellate brief state the filing date was March 13, 2023.  Appellees filed a motion to strike appellant's brief in opposition to summary judgment on March 14, 2023, and appellant did not file a response.  The trial court on April 19, 2023 granted appellees' motion and ordered the brief in opposition to summary judgment be "hereby stricken for being untimely and for exceeding the page limitation set forth in Loc.R. 12.01." (Apr. 19, 2023 Jgmt. Entry at 3.)  The brief in opposition to summary judgment filed by appellant is not in the appellate record.

{¶ 11} The trial court granted appellees' motion for summary judgment the same day, April 19, 2023.  In doing so, the trial court determined the allegations in appellant's complaint were "ancillary to and an inherently necessary part" of appellant's medical care and treatment provided to her in Mount Carmel's Emergency Department for her complaints of right leg pain. (Apr. 19, 2023 Decision & Entry at 7, 9.)  Therefore, since the allegations constituted medical claims under R.C. 2305.113(E), the one-year statute of limitations stated in R.C. 2305.113(A) applied.  The trial court found the cause of action accrued on the date of the injury, February 9, 2019, starting the clock for the statute of limitations.    Because appellant filed her initial complaint against appellees on December 14, 2020, after the statute of limitations had expired, she could not then voluntarily dismiss that action and use the savings statute, R.C. 2305.19, to properly refile

her case. Instead, appellant's "refiled [c]omplaint is time-barred by the one-year statute of limitations for medical claims under [R.C.] 2305.113(A) because the savings statute does not apply." (Apr. 19, 2023 Decision & Entry at 10.) As a result, the trial court concluded no genuine issue of material fact remained, and appellees were entitled to summary judgment as a matter of law. The trial court dismissed the case in its entirety, and appellant filed a timely appeal.

## II. Assignments of Error

{¶ 12} Appellant assigns three assignments of error for our review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CIV.R. 56(F) MOTION FOR EXTENSION OF TIME TO RESPOND TO APPELLEES' MOTION FOR SUMMARY JUDGMENT IN ITS February 23, 2023 ORDER.

> [II.] THE TRIAL COURT ABUSED ITS DISCRETION IN STRIKING APPELLANT'S BRIEF IN OPPOSITION TO APPELLEES' MOTION FOR SUMMARY JUDGMENT IN ITS APRIL 19, 2023 JUDGMENT ENTRY.

> [III.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT IN ITS APRIL 19, 2023 DECISION AND ENTRY.

## III. Analysis

{¶ 13} With her assignments of error, appellant challenges three determinations of the trial court: the decision denying her motion for an extension to respond to appellees' motion for summary judgment; the decision granting appellees' motion to strike her brief in opposition to summary judgment; and the decision to grant appellees' motion for summary judgment based on the expiration of the statute of limitations.

### A. First Assignment of Error – Denying Motion for Extension

{¶ 14} In her first assignment of error, appellant contends the trial court abused its discretion in denying her Civ.R. 56(F) motion for extension. We disagree.

{¶ 15} While there is a "wide scope of permissible discovery" in civil litigation, "a party's efforts to conduct discovery may be interrupted" since "a motion for summary judgment can be filed at 'any time.'" *Miller v. NWD 355 McConnell L.L.C.*, 10th Dist. No. 22AP-725, 2023-Ohio-3374, ¶ 11-12 (10th Dist.), citing Civ.R. 26(B)(1) and 56(B). "Once a

motion for summary judgment is filed, Civ.R. 56(F) provides a mechanism for the nonmoving party to receive additional time to pursue discovery that could assist in responding to the motion." *Id*. at ¶ 12, citing *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶ 58. Civ.R. 56(F) states:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 16} Thus, "Civ.R. 56(F) requires the party opposing the motion for summary judgment to provide an affidavit with sufficient basis to explain why they cannot provide sufficient facts by affidavit to support its opposition." *Id*. at ¶ 12, citing *Jacobs* at ¶ 58. " 'Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment.' " *Jacobs* at ¶ 58, quoting *Hahn v. Groveport*, 10th Dist. No. 07AP-27, 2007-Ohio-5559, ¶ 30. "The party requesting relief under Civ.R. 56(F) bears the burden to demonstrate that the need for a continuance is warranted." *Miller* at ¶ 12, citing *Huntington Natl. Bank v. Bywood, Inc.*, 10th Dist. No. 12AP-994, 2013-Ohio-2780, ¶ 7.

{¶ 17} On appellate review, "the trial court's ruling on a Civ.R. 56(F) motion for extension of time will not be reversed absent an abuse of discretion." *Id*. at ¶ 14. An abuse of discretion occurs when a trial court's ruling is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "The circumstances present in each case should be considered in determining whether a trial court abuses its discretion in denying a motion for continuance." *Davis v. Davis*, 2d Dist. No. 26200, 2014-Ohio-4957, ¶ 11.

{¶ 18} Here, appellant has not shown the trial court abused its discretion on the facts of this case. In her motion for an extension of time to respond to appellees' argument on summary judgment, appellant provided an affidavit of her counsel that explained he had not been able to fully research and brief all the issues raised in appellees' motion for summary judgment or obtain the necessary affidavits to respond to the motion due to his workload and personal obligations over the holidays. The affidavit continues that

appellant's counsel, "need[s] additional time to take the deposition of [nurse] Basden, regarding the averments set forth in her [a]ffidavit" and "obtain affidavits and/or to take the depositions of others who may have knowledge and information relevant to the February 9, 2019 incident, the conduct of [appellees] at the time of the February 9, 2019 incident, and other issues raised in [appellees'] Motion for Summary Judgment." (Jan. 9, 2023 Mot. for Extension, Tolles Aff. at 2.)

{¶ 19} In denying appellant's motion, the trial court indicated the threshold statute of limitations issue raised in appellees' motion for summary judgment had been previously raised and responded to in the original case, which undermined appellant's stated need for an extension in this case. Appellant has not shown how the trial court's position in this regard was unreasonable. This is, undisputedly, a re-filed case and appellant does not contend it was error for the trial court to consider the parties' filings from the previous case. Moreover, the affidavit provided in support of the Civ.R. 56(F) extension does not explain why appellant could not provide sufficient facts by affidavit to presently oppose summary judgment. Rather, the motion and affidavit appellant submitted amounts to a general request for additional time to conduct depositions and written discovery, which is insufficient to support a Civ.R. 56(F) motion. *Miller* at ¶ 12. Finally, workload constraints faced by a party's counsel do not require a trial court to grant an extension to respond to summary judgment, particularly where the litigants had the opportunity to conduct relevant discovery previously. *See TPI Asset Mgt., L.L.C. v. Baxter*, 5th Dist. No. 2011CA000007, 2011-Ohio-5584, ¶ 23 (determining trial court did not err in denying appellant's Civ.R. 56(F) motion requesting extension to take deposition and conduct discovery, which had been prevented by counsel's heavy workload, where the previous, voluntarily dismissed case had been pending for almost one year and the trial court properly assumed appellant had the opportunity to complete the discovery necessary to respond to the substance of that summary judgment motion).

{¶ 20} Upon review of the motion and affidavit, appellant has not demonstrated the trial court acted outside of its discretion in denying her motion for an extension to respond to appellees' summary judgment motion. *Miller* at ¶ 12. Accordingly, appellant's first assignment of error is overruled.

**B. Second Assignment of Error – Striking Brief in Opposition**

{¶ 21} Appellant's second assignment of error challenges the trial court's decision to grant appellees' motion to strike appellant's brief in opposition to summary judgment. We review the trial court's decision to grant the motion to strike under an abuse of discretion standard. *Nist v. Nexeo Solutions, L.L.C.*, 10th Dist. No. 14AP-854, 2015-Ohio-3363, ¶ 14. *See Boggs v. Ohio Real Estate Comm.*, 186 Ohio App.3d 96, 2009-Ohio-6325, ¶ 42 (10th Dist.) ("The enforcement of local court rules is well within the sound discretion of the court, including the power to strike a brief that does not comply with such rules."); *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 21 ("Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them."). An abuse of discretion occurs when a trial court's ruling is "unreasonable, arbitrary or unconscionable." *Blakemore* at 219.

{¶ 22} In this case, the trial court expressed two bases for its decision to strike appellant's brief in opposition to summary judgment: untimeliness and violation of Loc.R. 12.01. Appellant has not demonstrated the trial court abused its discretion in either regard.

{¶ 23} First, pursuant to Franklin County Court of Common Pleas Loc.R. 12.01, "A supporting or opposing memorandum or brief * * * shall not exceed fifteen (15) pages exclusive of any supporting documents. Any supporting or opposing memorandum or brief which exceeds fifteen (15) pages *shall not be considered* without prior leave of the Court." (Emphasis added.) Appellant admits in her appellate brief that she violated Loc.R. 12.01 by providing a brief that exceeded 15 pages and does not contend she sought leave of court to do so. She therefore concedes this basis for the trial court's decision was factually correct.

{¶ 24} Appellant attempts to established that regardless of her own Loc.R. 12.01 transgression, the trial court acted arbitrarily since appellees at times filed briefs that were too long under the local rule. However, in this instance, the trial court was presented with a motion to strike. We do not view the trial court's action to be arbitrary in these circumstances. Appellant additionally believes the trial court should have at least permitted counsel's affidavit to be filed, regardless of striking the response brief. However, this position appears to run counter to Loc.R. 56.01, which mandates all Civ.R. 56 evidentiary material "shall be" filed with the responsive memorandum unless leave of court is secured, and appellant does not provide any legal authority to support her position that

the affidavit in support of the stricken response memorandum should survive independently. Appellant has therefore not met her burden of demonstrating error on appeal in this regard. *See State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."), citing App.R. 16(A)(7) and 12(A)(2); *J.W. v. D.W.*, 10th Dist. No. 19AP-52, 2019-Ohio-4018, ¶ 55 (noting it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 25} Lastly, appellant does not directly challenge the trial court's conclusion that her response brief was late but, with a citation to Civ.R. 12(A)(2), appellant states she filed her brief in opposition to summary judgment on March 10, 2023, 14 days after the trial court issued its decision denying her Civ.R. 56(F) motion for an extension. To the extent appellant implies her response was timely by operation of Civ.R. 12(A)(2), we disagree.

{¶ 26} Civ.R. 12(A)(2) states that the service of a motion *permitted under Civ.R. 12* alters the periods of time outlined in Civ.R. 12(A)(2) to answer or respond to pleadings. Civ.R. 12(A)(2) ("The service of a motion *permitted under this rule* alters these periods of time as follows, unless a different time is fixed by order of the court: (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action.") (Emphasis added.); *Byrd v. Meyer*, 10th Dist. No. 21AP-578, 2022-Ohio-1827, ¶ 12 (explaining Civ.R. 12(A)(2) states that the service of a motion *permitted under Civ.R. 12* alters the periods of time outlined in Civ.R. 12(A)(2) to answer or respond to pleadings). The motions permitted under Civ.R. 12 do not include summary judgment motions, which are governed by Civ.R. 56. *See* Civ.R. 12(B) (listing defenses that may at the option of the pleader be made by motion); Civ.R. 12(C) (motion for judgment on the pleadings); Civ.R. 12(E) (motion for definite statement); Civ.R. 12(F) (motion to strike claims, defenses, redundant, immaterial, impertinent, or scandalous matter); Civ.R. 56 (setting forth procedure for summary judgment motions and responses).

{¶ 27} Thus, Civ.R. 12(A)(2) does not support appellant's position that she had an additional 14 days to file a response to summary judgment, beginning on the date the trial

court denied of her Civ.R. 56 motion for extension, and appellant does not provide any additional legal support for this contention. *Sims* at ¶ 11; *Hubbard* at ¶ 34; App.R. 16(A)(7) and 12(A)(2). Moreover, even if for sake of argument we accept appellant's 14-day theory as true, she does not provide factual support for her alleged March 10, 2023 filing date: the trial court states appellant filed her response to summary judgment on March 13, 2023, and the appellate record is devoid of evidence to the contrary.

{¶ 28} In these circumstances, appellant has not demonstrated the trial court abused its discretion in striking her response in opposition to summary judgment. Accordingly, appellant's second assignment of error lacks merit and is overruled.

### C. Third Assignment of Error – Granting Summary Judgment

{¶ 29} Appellant's third and final assignment of error challenges the trial court's determination that summary judgment in favor of appellees is warranted in this case. Appellate review of summary judgment is de novo. *MacDonald v. Authentic Invests., L.L.C.*, 10th Dist. No. 15AP-801, 2016-Ohio-4640, ¶ 22. "Under the de novo standard of review, an appellate court undertakes an independent review of the evidence without deference to the trial court's decision." *Kiser v. United Dairy Farmers*, 10th Dist. No. 22AP-539, 2023-Ohio-2136, ¶ 9, citing *Nazareth Deli L.L.C. v. John W. Dawson Ins. Inc.*, 10th Dist. No. 21AP-394, 2022-Ohio-3994, ¶ 22.

{¶ 30} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 31} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R.

56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Id.* at 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Id.*; Civ.R. 56(E).

### 1. *"Medical claims" or ordinary negligence*

{¶ 32} Appellees moved for summary judgment on the basis that appellant's complaint contains "medical claims" as defined by R.C. 2305.113(E) that accrued February 9, 2019 and, because appellant did not file her first complaint until after the one-year statute of limitations, the savings statute could not apply to the refiled case. On appeal, appellant contends genuine issues of material fact exist that preclude granting summary judgment concerning whether the complaint alleges "medical claims."

{¶ 33} Medical claims are subject to a one-year statute of limitations. R.C. 2305.113(A). Ordinary negligence claims are subject to a two-year statute of limitations. R.C. 2305.10. Therefore, "whether appellees' conduct gives rise to a medical claim or an ordinary negligence claim determines the applicable statute of limitations and the viability of the alleged claims." *Smith v. Mentor Ridge Health & Rehab.*, 8th Dist. No. 112863, 2023-Ohio-4659, ¶ 11.

{¶ 34} A "medical claim" is defined in relevant part as "any claim that is asserted in any civil action against a physician, * * * hospital, * * * against any employee or agent of a physician, [or] * * * hospital, * * * or against a licensed practical nurse, registered nurse, advanced practice registered nurse, * * * and that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(E)(3). *Estate of Stevic v. Bio-Medical of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, ¶ 19 (holding, "based on the plain meaning of the legislature's enactment, * * * that for the purposes of the R.C. 2305.113(A) one-year statute of limitations, a medical claim under R.C. 2305.113(E)(3) is a claim that both (1) arises out of the medical diagnosis, care, or treatment of any person and (2) is asserted against one or more of the statutorily enumerated medical providers"). Medical claims include derivative claims. R.C. 2305.113(E)(3).

{¶ 35} The Supreme Court of Ohio has indicated that "care," as used in a prior but analogous version of R.C. 2305.113(E)(3), refers to " 'the prevention or alleviation of a

physical or mental defect or illness.' " *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 16 (1994), quoting *Browning v. Burt*, 66 Ohio St.3d 544, 557 (1993) *superseded by statute on unrelated grounds* as stated in *Couch v. Durrani*, 1st Dist. No. C-190703, 2021-Ohio-726, ¶ 13. The court further discussed that the terms " 'medical diagnosis' " and " 'treatment' " relate to the " 'identification and alleviation of a physical or mental illness, disease, or defect.' " *Id.*, quoting *Browning* at 557. As applied in the context of evaluating the nature of claims involving the transport of plaintiffs in a medical setting, the court focused its analysis on whether the transport of the plaintiff was, in the circumstances, "ancillary to and an inherently necessary part of" his or her medical care or treatment. *Id.* at 16-17. One of the facts the *Rome* court cited as evidence of a medical claim was whether the employee was "required to use a certain amount of professional skill in transporting the patient." *Id.*

{¶ 36} Here, appellant does not dispute the first part of the R.C. 2305.113(E)(3) definition is met, as appellees are among the categories of medical providers enumerated in R.C. 2305.113(E)(3). Rather, appellant contends the claims do not arise out of the medical diagnosis, care, or treatment of appellant. Appellant argues the location of where the injury occurred, whether appellant had been discharged at the time of the injury, whether a wheelchair was ordered or required as a part of medical care, and the nature of the skill and expertise required of Basden to assist appellant from a wheelchair into a vehicle are all material facts that remain in dispute.

{¶ 37} On this record, we disagree. The medical records attached to appellees' motion for summary judgment established that: appellant's medical history included sciatica and multiple surgeries to her right leg; she reported that her right leg "gives out on her"; she has a walker at home that she can use to ambulate; she sought emergency treatment for right leg pain which caused her to have, at minimum, difficulty bearing weight and ambulating; at the emergency room she was given morphine and instructed to follow-up with specific doctors; she was able to ambulate from the bed to a wheelchair to be taken to the lobby; and she was discharged in stable condition. (Mot. for Summ. Jgmt., Ex. B at 7.) Through the affidavit of Basden, appellees further established in pertinent part that: Basden is a registered nurse; Basden has personal knowledge of the facts; and that "[a]ll of [Basden's] involvement" with appellant on the date at issue "was performed within [her] role as a registered nurs[e] and was performed based upon [her] education, training, and

experience as a registered nurse." (Mot. for Summ. Jgmt., Ex. C at 1.) By pointing to appropriate Civ.R. 56 evidence, appellees established all of Basden's interactions with appellant on February 9, 2019, which necessarily included any assistance she gave to appellant in being transported from the wheelchair to her daughter's car, was ancillary to and an inherently necessary part of medical care. Even construing the evidence strongly in appellant's favor, we find appellees met their initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C); *Dresher*.

{¶ 38} The burden then shifted to appellant to respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; Civ.R. 56(E). However, once appellees discharged their initial burden as the moving party, appellant failed to appropriately respond. While appellant in her appellate brief appears to cite to documents she attempted to submit in her untimely response to summary judgment, these documents were stricken and therefore not considered by the trial court as discussed in the second assignment of error and, regardless, are not in the appellate record for our review. As a result, pursuant to Civ.R. 56, the trial court properly granted summary judgment in appellees favor.

{¶ 39} The cases appellant relies on to support a different result are distinguishable. Foremost, in the cases cited by appellant that involve summary judgment, the court concluded various claims based on patient or resident falls were not "medical claims" only after the plaintiff properly opposed summary judgment and presented the trial court with specific facts showing that a genuine issue exists for trial. For example, in *Hill v. Wadsworth-Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, ¶ 13-17 (9th Dist.), the Ninth District determined the trial court erred in granting summary judgment to the defendants based on the trial court's assessment of the claims constituting "medical claims" requiring expert testimony. There, the parties did not dispute that a nurse transported the plaintiff, "[u]pon discharge" from an outpatient procedure, by wheelchair out of the hospital to meet the plaintiff's husband's vehicle, and the plaintiff fell after getting up from the wheelchair. Unlike the instant case, the specific summary judgment evidence before the court in *Hill*, which included deposition testimony from both the injured plaintiff and the nurse, showed the claims sounded in ordinary negligence. *Id*. at ¶ 16, 24 (explaining

the "deposition testimony makes clear that a hospital volunteer was originally assigned to assist [the plaintiff]. When a volunteer with no requisite medical training is capable of completing the transport out of the hospital, professional skill is not implicated" and also relying on the plaintiff's own deposition testimony, "tak[en] as true," to conclude summary judgment was inappropriate). *See also O'Dell v. Vrable III, Inc.*, 4th Dist. No. 20CA18, 2022-Ohio-4156, ¶ 12-15 (determining the plaintiff stated a common law general negligence claim and therefore summary judgment in favor of defendant was in error where the plaintiff was a resident of a skilled nursing and rehabilitation center who suffered an unwitnessed fall, the plaintiff opposed the defendant's motion for summary judgment, and the court relied on the deposition testimony of several witnesses, including the plaintiff's own expert nurse); *Christian v. Kettering Med. Ctr.*, 2d Dist. No. 27458, 2017-Ohio-7928, ¶ 31 (concluding defendant was not entitled to summary judgment since plaintiff's claim, which arose from a fall she suffered as she was being transferred from her friend's vehicle to a wheelchair outside of a hospital, was not established as a medical claim "based on the evidence before [the court]," including the affidavits submitted by the plaintiff and her friend); *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 10th Dist. No. 14AP-272, 2014-Ohio-5354, ¶ 14-22 (concluding trial court did not err when it determined that the claim asserted by the plaintiff, a resident of an assisted living facility who fell from a wheelchair on the way to the dining area, is not a medical claim within the meaning of R.C. 2305.113 based on the averments in the plaintiff's affidavit in opposing summary judgment).

{¶ 40} The remaining cases cited by appellant involve scenarios where the plaintiff presented allegations and attachments sufficient to survive various dismissals but did not involve the assessment of summary judgment evidence. *See, e.g., Carte v. Manor at Whitehall*, 10th Dist. No. 14AP-568, 2014-Ohio-5670, ¶ 29 (concluding trial court erred by dismissing, under Civ.R. 12(B)(6), the plaintiff's claim for ordinary negligence against a nursing home where the plaintiff submitted with the complaint a nurse's affidavit and opinion letter and exhibits pertaining to the plaintiff's care); *Conkin v. CHS-Ohio Valley, Inc.*, 1st Dist. No. C-110660, 2012-Ohio-2816, ¶ 10-12 (determining the trial court erred in dismissing the plaintiff's complaint under Civ.R. 12(B)(6) as pleading "medical claims" that were time-barred by R.C. 2305.113(A) where there was no indication in the complaint that

the alleged negligent transfer of a resident of a nursing home from a wheelchair to a "Hoyer lift" constituted medical care and it was unclear whether professional expertise or professional skill may have been required to transfer the resident into the lift); *Haskins v. 7112 Columbia, Inc.*, 7th Dist. No. 13 MA 100, 2014-Ohio-4154, ¶ 5, 15 (determining, in a case where a patient of a nursing home suffered a fracture while her bed sheets were being changed, that the trial court erred by dismissing plaintiff's complaint due to the expiration of the one-year statute of limitations for medical claims, but emphasizing its holding was limited to the Civ.R. 12(C) procedural stage and was inapplicable to summary judgment: "Appellee may ultimately be able to prove that care provided for [the resident] was medical care" and "[w]e must point out that *Rome* was decided on summary judgment, where the parties were able to submit actual evidence in support of their argument. The instant appeal involves a judgment on the pleadings.").

{¶ 41} Moreover, to the extent the cases appellant relies on arise from nursing home situations, particularly those with claims that accrued prior to 2015, those cases are of diminished value here since nursing home settings invoke additional statutory sections, and the statutory language was amended in 2015 to expand conduct fitting the statutory definition of medical claims pertaining to nursing homes. *See* R.C. 2305.113(E)(3)(d) and (e); *Smith* at ¶ 16-22 (declining to follow cases, including *O'Dell*, that relied on pre-2015 amendment language applicable to nursing facilities).

{¶ 42} In short, none of the cases cited by appellant involve uncontested averments by a medical professional that all of their interactions with the plaintiff on the date of injury, including transporting the plaintiff from a wheelchair to a vehicle, were conducted within their role as a medical professional and based on their medical training. We therefore find the cases relied on by appellant do not control the outcome here. However, we also decline to declare, as a matter of law, that a fall occurring under the circumstances alleged in this case is always a medical claim. *See O'Dell* at ¶ 40 ("Falls can either be medical claims or general negligence claims, depending upon the factual circumstances.").

{¶ 43} As a result, appellees' motion for summary judgment was sufficient to show appellant's complaint stated "medical claims" subject to the one-year statute of limitations stated in R.C. 2305.113(A).

### 2. *Application of one-year statute of limitations*

{¶ 44} R.C. 2305.113(A) provides: "Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." The parties do not dispute that the claim accrued on February 9, 2019, the date the alleged injury occurred. Applying the one-year statute of limitations stated in R.C. 2305.113(A), appellant had until February 9, 2020 to file her medical claims, unless an exception in R.C. 2305.113 applied.

{¶ 45} Appellant argues the exception in R.C. 2305.113(B)(1) applies to extend the expiration date of her claims since counsel sent "180-day" letters to appellees on January 24, 2020. By operation of the "180-day" extension plus tolling during the Covid-19 pandemic, appellant argues her medical claims would not have expired until Monday, December 14, 2020—the date she filed her initial complaint. Therefore, appellant argues her initial complaint was timely filed, and the saving statute would apply to her re-filed complaint.

{¶ 46} Appellant's argument fails on the record before us. It appears that "180-day" arguments and evidence were not properly before the trial court: if appellant made and supported this argument in her response to summary judgment, that response was stricken as described in the second assignment of error. Because appellant did not properly raise the issue to the trial court, we decline to address this issue for the first time on appeal. *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 18. Moreover, even if we were inclined to address this issue in the first instance, we could not do so. The affidavit cited by appellant to allegedly evidence the 180-day letters is not in the appellate record. *Johnson v. Johnson*, 10th Dist. No. 19AP-84, 2019-Ohio-5138, ¶ 15, quoting *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988) ("[I]t is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review."); App.R. 9(B) and 10(A). In these circumstances, we have "no choice but to presume the validity of the lower court's proceedings and affirm." *In re D.H.*, 10th Dist. No. 11AP-761, 2012-Ohio-2272, ¶ 7.

{¶ 47} On the record before us, appellant did not file her initial complaint until December 14, 2020, beyond the one-year statute of limitations stated in R.C. 2305.113(A).

Therefore, her initial complaint was untimely. R.C. 2305.113(A). As a result, appellant could not utilize the saving statute to voluntarily dismiss her complaint and then timely refile the complaint. *George v. Univ. of Toledo Med. Ctr.*, 10th Dist. No. 17AP-559, 2018-Ohio-719, ¶ 19 ("It is well-established that the savings statute does not save a claim that was not timely commenced."). Appellant has not demonstrated the trial court erred in holding the same.

### 3. *Spoliation claim*

{¶ 48} Lastly, as a part of the third assignment of error, appellant asserts that her spoliation of evidence claims, as asserted in Count 3 of her complaint, are not medical claims. As explained below, based on the resolution of the medical claims, appellant has not demonstrated prejudicial error as to the dismissal of the spoliation claim.

{¶ 49} Appellant cites to *Janson v. Christ Hosp., Inc.*, 1st Dist. No. C-200047, 2021-Ohio-1467, ¶ 32, in support of the position that spoliation claims are not medical claims. *Janson* does indicate spoliation-of-evidence claims do "not arise out of the medical diagnosis, care, or treatment of a plaintiff and is therefore not a 'medical claim.' " Nevertheless, *Janson* then continues to discuss how dismissal of a spoliation claim is nevertheless still proper where the elimination of the underlying claims essentially negated a required element of the spoliation claim:

> However, in order to prevail on a claim for interference or destruction of evidence, a plaintiff must be able to show (1) pending or probable litigation, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt the plaintiff's case, (4) *disruption of the plaintiff's case*, and (5) damages proximately caused by the defendant's acts. (Emphasis added.) *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 1993-Ohio-229, 615 N.E.2d 1037 (1993). In the cases at hand, all other claims brought against [The Christ Hospital] were properly dismissed under Civ.R. 12(B)(6). Thus, plaintiffs would be unable to prove disruption of their respective cases and their spoliation-of-evidence claims would inevitably fail. Therefore, dismissal of the spoliation-of-evidence claims was proper as it appears beyond doubt from the complaint that plaintiffs could prove no set of facts entitling them to recovery on the spoliation-of-evidence claims.

*Janson* at ¶ 32. *See also Landrum v. Durrani*, S.D.Ohio No. 1:18-cv-807 (June 29, 2020) (explaining: "A spoliation of evidence claim requires a plaintiff to demonstrate actual 'disruption of the plaintiff's case.' * * * Because the statute of repose bars Plaintiff's claims against [Good Samaritan Hospital], Plaintiff cannot show the required disruption," the plaintiff cannot succeed on a spoliation of evidence, and therefore the trial court did not err in dismissing the claim.).

{¶ 50} To be entitled to a reversal on appeal, an appellant must demonstrate "prejudicial" error. App.R. 12(D). *See Robson v. Discount Drug Mart*, *Inc.*, 9th Dist. No. 22CA0049-M, 2023-Ohio-3291, ¶ 49, quoting *Princess Kim*, *L.L.C. v. U.S. Bank*, *N.A.*, 9th Dist. No. 27401, 2015-Ohio-4472, ¶ 18 (" 'Only error which affects or presumptively affects the final outcome of the case is prejudicial.' "). Here, considering all other claims were properly subject to summary judgment in appellees favor as explained in this decision, appellant has not shown how she suffered prejudice as to the spoliation claim or otherwise demonstrated the trial court erred in concluding appellees were entitled to summary judgment on the entire complaint. We therefore decline to reverse the trial court decision on this basis.

{¶ 51} Overall, appellees met their initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact concerning their statute of limitations argument. Appellant thereafter did not properly respond with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; Civ.R. 56(E). As a result, the trial court did not err in determining summary judgment in favor of appellees was appropriate. Considering all the above, appellant's third assignment of error is overruled.

## IV. Conclusion

{¶ 52} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————